**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| JOSEPH MICHAEL DEVON ENGEL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| CO1, et al., | ) |
| | ) |
| Defendants. | ) |

No. 4:20-cv-1733-ACL

## MEMORANDUM AND ORDER

This matter is before the Court upon review of a civil complaint filed by Missouri State

prisoner Joseph Michael Devon Engel, registration number 1069055. For the reasons explained

below, the Court will allow plaintiff to proceed *in forma pauperis* in this action, and will assess

an initial partial filing fee of $1.00. Additionally, the Court will dismiss the complaint.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is

required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her

prison account to pay the entire fee, the Court must assess and, when funds exist, collect an

initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the

prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-

month period. After payment of the initial partial filing fee, the prisoner is required to make

monthly payments of 20 percent of the preceding month's income credited to the prisoner's

account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these

monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds

$10, until the filing fee is fully paid. *Id.*

At the time he filed the complaint, plaintiff neither paid the filing fee nor filed a motion

for leave to proceed *in forma pauperis*. However, in the complaint, he writes: "Application to

Proceed in District Court without Prepaying Fees or Costs," and avers he earns $5.00 per month. (ECF No. 2 at 2). He further avers "staff" will not give him a copy of his inmate account statement. *Id.* Having considered plaintiff's statements, the Court has determined to grant him leave to proceed *in forma pauperis* in this action, and assess an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances.").

**Legal Standard**

According to 28 U.S.C. § 1915(e)(2), this Court shall dismiss a complaint at any time if, *inter alia*, it is frivolous or malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action is malicious when it is undertaken for the purpose of harassing or disparaging the named defendants rather than vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1061 (4th Cir. 1987). An action can also be considered malicious if it is part of a longstanding pattern of abusive and repetitious lawsuits, or contains disrespectful or abusive language. *In re Tyler*, 839 F.2d 1290, 1293 (8th Cir. 1988) (per curiam). *See Cochran v. Morris*, 73 F.3d 1310, 1316 (4th Cir. 1996) (when determining whether an action is malicious, the Court need not consider only the complaint before it, but may consider the plaintiff's other litigious conduct).

An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable

2

for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even *pro se* complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

**The Complaint**

Plaintiff avers he brings this action pursuant to 42 U.S.C. § 1983 against more than 30 defendants, including the Missouri Department of Corrections ("MDOC") and the Eastern Reception, Diagnostic and Correctional Center ("ERDCC"). He identifies the individual defendants using generic titles such as "CO1," "CO2," "House Rep Mo," "Senator," and "Sg." He either does not indicate the capacity in which he sues the individual defendants, or states he sues them in an official capacity. Therefore, the Court interprets the complaint as asserting only official-capacity claims. *See Egerdahl v. Hibbing Community College*, 72 F.3d 615, 619 (8th Cir.

3

1995) (Where a "complaint is silent about the capacity in which [plaintiff] is suing defendant, [a district court must] interpret the complaint as including only official-capacity claims.").

In setting forth his statement of claim, plaintiff writes:

This is in regards to the Fedreal [*sic*] District Courts giving me a timeline to have a notarized copy of my MODOC account and ERDCC will not do their job and give me one I live on State Tip $5.00 Dollars a month I'm Sourvin Citizn [*sic*] of Alaska I should be not treated this way. So I am sueing [*sic*] all 29 Depts for amount showen [*sic*] they pay filing fees and my lawyer fees cause I repsent [*sic*] myself I want 25% percent for my services.

(ECF No. 2 at 3). In setting forth his prayer for relief, plaintiff lists the defendants and requests a separate amount of monetary relief from each one. Those amounts span 100 billion dollars to 100 trillion dollars. Plaintiff also seeks other forms of relief, including stocks in various banks and companies. He also seeks monetary relief, including college scholarships, on behalf of other individuals.

The complaint is one of more than one hundred and thirty (130) similar complaints plaintiff has filed in this Court since September of 2020, alleging that his civil rights have been violated by the MDOC and its facilities, and by individual defendants identified by the same or similar generic titles that appear in the instant complaint. The nature of plaintiff's claims and his demands for relief are roughly the same as those in the instant complaint. To date, the complaints that have been reviewed pursuant to 28 U.S.C. § 1915(e)(2) have been dismissed for reasons articulated therein, or because plaintiff failed to comply with court orders. As of December 21, 2020, plaintiff is subject to 28 U.S.C. § 1915(g).

## Discussion

Having thoroughly reviewed and liberally construed the complaint, the Court concludes that plaintiff can be understood to assert an access-to-courts claim. The Eighth Circuit has recognized that, when bringing an access-to-courts claim, it is insufficient to merely allege a

4

denial of access to some resource, even if the denial is systemic. *Sabers v. Delano*, 100 F.3d 82, 84 (8th Cir. 1996) (per curiam) (citing *Lewis v. Casey*, 518 U.S 343, 354 (1996)). Instead, the plaintiff must plead (and ultimately prove) that the lack of the resource deprived him of some specific opportunity to defend himself, or advance a viable legal claim, in a criminal appeal, postconviction matter, or civil rights action seeking to vindicate constitutional rights. *Id.* Allegations that amount to speculation that injuries might occur, or could have occurred, is insufficient. *See Hartsfield v. Nichols*, 511 F.3d 826, 833 (8th Cir. 2008). "Absent an articulation of how the alleged wrongful conduct actually blocked [the prisoner's] access to filing a complaint, or caused a filed complaint to be deficient, [the prisoner's] alleged injuries are merely speculative." *Id.*

In this case, plaintiff does not allege (nor is it apparent from review of this Court's records) that his lack of an inmate account statement frustrated or impeded his ability to advance a viable legal claim in any matter. Instead, plaintiff merely alleges the statement was not provided upon demand. Such an allegation amounts at most to an allegation of negligence, which is insufficient to state a claim of constitutional dimension. Because plaintiff suffered no cognizable injury, he lacks standing to bring an access-to-courts claim. *See Sabers,* 100 F.3d at 84 (concluding that because the plaintiff suffered no cognizable injury, she lacked standing to bring an access-to-courts claim).

Additionally, in reciting his claim, the only defendants plaintiff can be understood to identify with any specificity are the MDOC and the ERDCC. Such claims are treated as claims against the State of Missouri, and fail for two reasons. First, the State of Missouri and its agencies are not "persons" for purposes of 42 U.S.C. § 1983. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989), *Alsbrook v. City of Maumelle,* 184 F.3d 999, 1010 (8th Cir. 1999). Second, the "Eleventh Amendment protects States and their arms and instrumentalities

5

from suit in federal court." *Webb v. City of Maplewood*, 889 F.3d 483, 485 (8th Cir. 2018). The State of Missouri has not waived its sovereign immunity for this type of action, and § 1983 does not abrogate it. *Will*, 491 U.S. at 66 (§ 1983 does not abrogate a state's Eleventh Amendment immunity from suit in federal court).

Plaintiff has also indicated an intent to recover monetary relief from numerous individuals identified by generic titles. However, the only allegations specific to each individual are the amounts of money plaintiff seeks to recover. Simply listing a person's name or title is insufficient to state a claim against him or her. *See Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) ("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given pro se complaints"). Additionally, the complaint contains no specific factual allegations to permit the unknown individuals to be identified following reasonable discovery. This action therefore cannot proceed against them. *See Estate of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995) (suit naming "various other John Does to be named when identified" not permissible).

Finally, it appears this action is subject to dismissal because it is malicious. As noted above, this action is one of over one hundred and thirty (130) duplicative and meritless actions plaintiff has recently filed in this Court against the MDOC and its facilities, and against individuals identified by many of the generic titles that appear in the instant complaint. Plaintiff submitted the pleadings in bulk, and specified he intended each set of pleadings to be docketed as an individual civil action. It therefore appears plaintiff initiated this action as part of a campaign of harassment through repetitive lawsuits, not with the intent of vindicating a cognizable right. *See In re Billy Roy Tyler*, 839 F.2d 1290 (8th Cir. 1988) (noting that an action is malicious when it is a part of a longstanding pattern of abusive and repetitious lawsuits);

*Spencer*, 656 F. Supp. at 461-63 (an action is malicious when it is undertaken for the purpose of harassing the defendants rather than vindicating a cognizable right); *Cochran*, 73 F.3d at 1316 (when determining whether an action is malicious, the Court need not consider only the complaint before it, but may consider the plaintiff's other litigious conduct).

For all of the foregoing reasons, the complaint is subject to dismissal. In consideration of plaintiff's abusive litigation practices and the manner in which he prepared the instant complaint, the Court concludes it would be futile to direct him to file an amended complaint in this action. The Court will therefore dismiss this action at this time pursuant to 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff may proceed *in forma pauperis* in this action.

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial filing fee of $1.00 within thirty (30) days of the date of this Order.  Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B). A separate order of dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this *17th* day of March, 2021.

STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE

7